UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ELLIOTT D GOODIN,

        Plaintiff,

   v.

PIERCE COUNTY SHERIFF'S DEPT, T DICKERSON, BUCHANNON, BELMUDES, EATON, PIERCE COUNTY,

        Defendants.

CASE NO. 3:15-CV-05064-RBL-JRC

ORDER TO FILE A THIRD AMENDED COMPLAINT

    The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

    Currently before the Court is plaintiff's second amended complaint. Dkt. 13. Because plaintiff still has not cured defects with the filing of his second amended complaint, the Court orders plaintiff to show cause why this action should not be dismissed for failure to state a claim or, in the alternative, plaintiff may file a third amended complaint.

1   On April 17, 2015, this Court issued an order for plaintiff to file an amended complaint, informing plaintiff that the sheriff's department is not an entity that can be sued and that plaintiff must name the county or city itself as a party to the action, and not the particular municipal department or facility where the alleged violation occurred. *See* Dkt. 10 at 1, 2 (*quoting Bradford v. City of Seattle,* 557 F.Supp.2d 1189, 1207 (W.D. Wash. 2008)). Although plaintiff timely filed an amended complaint ("first amended complaint"), plaintiff again named Pierce County Sheriff's Department as a named defendant and did not name Pierce County as a defendant. Dkt. 11. In addition, despite the Court's statement that plaintiff's first amended complaint will act as a complete substitute for the original complaint and not as a supplement (*see* Dkt. 10, p. 2), plaintiff's first amended complaint included only the first two pages, and did not include a statement of the claim or the additional information that was included with plaintiff's original complaint. *See* Dkt. 11.

On May 29, 2015, the Court issued an order denying plaintiff's motion for the Court to obtain defendant's names and service addresses (Dkt. 6) and directing plaintiff to file a second amended complaint. Dkt. 12. The Court ordered plaintiff to cure the defects in his first amended complaint, informing plaintiff that he must include in his second amended complaint facts establishing why his claims are not barred by the statute of limitations and that "plaintiff must allege in more specific terms what harm he suffered, who harmed him, when they harmed him, and how that harm violated a specific constitutional right." Dkt. 12 at 3 (*citing Rose v. Rinaldi*, 654 F.2d 546 (9th Cir. 1981); RCW 4.16.080(2)).

On June 8, 2015, plaintiff filed his second amended complaint (Dkt. 13) which included all pages of his complaint, named Pierce County as a defendant and alleged facts in support of the harm he suffered. *See id.* at 3. However, although plaintiff indicated in his original complaint that his pacemaker was "put in in 2010 at Tacoma General Hospital" (Dkt. 9, p. 3), plaintiff failed to specify in his second amended complaint when the actions complained of occurred. Dkt. 13.

ORDER TO FILE A THIRD AMENDED
COMPLAINT - 2

As previously stated in the Court's order (Dkt. 12), the Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. As such, the statute of limitations from the state cause of action most like a civil rights act is used.  In Washington, a plaintiff has three years to file an action. *Rose v. Rinaldi*, 654 F.2d 546 (9th Cir. 1981); RCW 4.16.080(2).  Federal law determines when a civil rights claim accrues. *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).  A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (*quoting Tworivers*, 174 F.3d at 992).

Although the statute of limitations is an affirmative defense that normally may not be raised by the court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. *See Franklin v. Murphy,* 745 F.2d 1221, 1228–30 (9th Cir. 1984).

From plaintiff's second amended complaint, it is not entirely clear when plaintiff had actual notice of the facts for the claims he seeks to raise herein.  For example, he alleges in his second amended complaint that Sergeant Dickerson tased him while he had a pacemaker and that Officers Buchannon, Belmudes and Eaton punched and kicked him while he was being tased. Dkt. 13 at 3. Plaintiff alleges that he has psychological flashbacks of being tased and chronic back pain. *Id.* However, plaintiff does not state in his second amended complaint when this conduct and the resulting injury occurred. Plaintiff must include in his third amended complaint facts demonstrating why all of the foregoing claims are not barred by the statute of limitations. Plaintiff must allege in more specific terms when defendants harmed him and how that harm violated a specific constitutional right.

The Court will provide plaintiff with another opportunity to cure defects in his second amended complaint. Plaintiff is again reminded that his third amended complaint will be a complete

1  substitute for the original complaint, first amended complaint and second amended complaint;
2  therefore, he must fully restate all claims and all of the parties in his third amended complaint.
3  Plaintiff must file his third amended complaint on or before August 28, 2015 or the Court will
4  recommend dismissal of this action for failure to comply with a Court order and failure to prosecute.

Dated this 24th day of July, 2015.

                                            *(signature)*

                                            J. Richard Creatura
                                            United States Magistrate Judge