UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ELLIOTT D GOODIN,<br><br>   Plaintiff,<br><br>   v.<br><br>PIERCE COUNTY SHERIFF'S DEPT, T DICKERSON, BUCHANNON, BELMUDES, EATON, PIERCE COUNTY,<br><br>   Defendants. | CASE NO. 3:15-CV-05064-RBL-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: OCTOBER 16, 2015 |

The District Court has referred this 42 U.S.C. §1983 civil rights action to the undersigned Magistrate Judge. The Court's authority for the referral is 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

The Court recommends that the action be dismissed with prejudice. Plaintiff has failed to comply with a Court order and failed to prosecute this action.

BACKGROUND

On January 30, 2015, plaintiff commenced this action by filing a motion/application to proceed in forma pauperis and a proposed civil rights complaint. Dkt. 1. After plaintiff corrected defects in the application the Court granted plaintiff in forma pauperis status. Dkts. 2, 4, 5, 7, 8.

REPORT AND RECOMMENDATION - 1

On April 17, 2015, this Court issued an order for plaintiff to file an amended complaint, informing plaintiff that a "'sheriff's department is not an entity that can be sued in a civil rights action," and that "[i]n order to bring an appropriate action challenging the actions, policies or customs of a local governmental unit, a plaintiff must name the county or city itself as a party to the action, and not the particular municipal department or facility where the alleged violation occurred." Dkt. 10 at 1-2 (*quoting Bradford v. City of Seattle,* 557 F.Supp.2d 1189, 1207 (W.D. Wash. 2008)). The Court further explained that, "the proper defendant in this action would be Pierce County, not the Pierce County Sheriff's Department." *See id.* at 2. The Court therefore ordered "plaintiff [to] file an amended complaint curing the defect." *Id.*

Although plaintiff timely filed his first amended complaint, plaintiff again named Pierce County Sheriff's Department as a named defendant and did not name Pierce County as a defendant. *See* Dkt. 11. In addition, despite the Court's statement that plaintiff's "amended complaint will act as a complete substitute for the original [complaint] and not as a supplement" (*see* Dkt. 10, p. 2), plaintiff's first amended complaint included only the first two pages, and does not include a statement of the claim or the additional information that was included with plaintiff's original complaint (*see* Dkt. 11).

On May 29, 2015, the Court issued an order denying plaintiff's motion for the Court to obtain defendant's names and service addresses (Dkt. 6) and directing plaintiff to file a second amended complaint (Dkt. 12). The Court ordered plaintiff to cure the defects in his first amended complaint, informing plaintiff that he must include in his second amended complaint facts establishing why his claims are not barred by the statute of limitations and that "plaintiff must allege in more specific terms what harm he suffered, who harmed him, when they harmed him, and how that harm violated a specific constitutional right." Dkt. 12 at 3 (*citing Rose v. Rinaldi*, 654 F.2d 546 (9th Cir. 1981); RCW 4.16.080(2)).

On June 8, 2015, plaintiff filed his second amended complaint (Dkt. 13) which included all pages of his complaint, named Pierce County as a defendant and alleged facts in support of the harm he suffered. *See id.* at 3. However, although plaintiff indicated in his original complaint that his pacemaker was "put in in 2010 at Tacoma General Hospital," (Dkt. 9 at 3), plaintiff failed to specify in his second amended complaint when the actions complained of occurred. *See* Dkt. 13.

On July 24, 2015, the Court issued an order directing plaintiff to file a third amended complaint. Dkt. 14. The Court ordered plaintiff the cure the defects in his second amended complaint, informing plaintiff that he must include in his third amended complaint facts establishing why his claims are not barred by the statute of limitation that he must "allege in more specific terms when defendants harmed him and how that harm violated a specific constitutional right." Dkt. 14 at 3. The Court specifically stated "[p]laintiff must file his third amended complaint on for before August 28, 2015 or the Court will recommend dismissal of his action for failure to comply with a Court order and failure to prosecute." Dkt. 14 at 4. Plaintiff failed to file a third amended complaint.

DISCUSSION

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal if plaintiff fails to prosecute or to comply with a court order. The dismissal counts as an adjudication on the merits unless the Court provides otherwise. Here, the Court ordered plaintiff to file a third amended complaint and plaintiff was given specific guidance and instructions on how to cure the defects in his second amended complaint. *See* Dkt. 14. Yet, plaintiff failed to file a third amended complaint. Plaintiff has failed to comply with the Court's order and has also failed to prosecute this action. Plaintiff does not show good cause for not complying with the Court's order. Accordingly, the Court recommends dismissal of this action with prejudice.

The Court recommends that this action be dismissed with prejudice for failure to prosecute and failure to comply with a Court order. Pursuant to 28 U.S.C. § 636(b)(1) and Fed.

1  R. Civ. P. 72(b), plaintiff shall have fourteen (14) days from service of this Report to file written

2  objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

3  objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).

4  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the

5  matter for consideration on October 16, 2015 as noted in the caption.

6    Dated this 22nd day of September, 2015.

_____
J. Richard Creatura
United States Magistrate Judge